WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mel Marin, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> American Self-Storage and John Doe, Owner,) <br> and Ed Le Cambre, ) <br> ) <br> Defendants. ) <br> _____) | CV 07-388  TUC DCB <br><br> **ORDER** |

  Plaintiff filed this Complaint on August 9, 2007, and filed a Motion to Proceed *in Forma Pauperis* on August 23, 2007. Plaintiff has lodged an affidavit of inability to pay the costs or give security for the commencement of this action, pursuant to 28 U.S.C. §1915. A Court may authorize the commencement or prosecution of any action without prepayment of fees and costs by a person who makes an affidavit that he or she is unable to pay such costs. *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n. 5 (9th Cir. 1984).

  The district court has discretion to make a factual inquiry regarding an applicant's indigency and to deny a section 1915(a) motion when the applicant is "unable, or unwilling, to verify his poverty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The district court may consider whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (explaining that the court may dismiss an action, even if the filing fee or any portion thereof has been paid). In short, the district court has discretion to grant or deny a motion to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff asks to proceed *in forma pauperis* in what will be the 22nd case filed in this Court related to a bankruptcy proceeding which he has tried on numerous occasions and in numerous ways to challenge. *See* (Motion to Proceed In Forma Pauperis, Attachment: Order filed May 15, 2007 in CV 05-775 TUC JMR (citing Order filed August 13, 2004 in CV 03-284 TUC WDB). As Plaintiff admits, in CV 05-775 TUC JMR, the Honorable John M. Roll rejected the legal theory he urges in this Complaint. *See* (Plaintiff's Affirmation in Support of Motion to Waive Fees; Supplement of Plaintiff's Support of Motion to Waive Fees.) Plaintiff sought and was denied reconsideration, and has appealed Judge Roll's ruling. Plaintiff asks this Court to consider the same argument applied to a different creditor. Given Judge Roll's determination that Plaintiff's argument lacks merit, this Court is not inclined to grant him leave to urge it again, *in forma pauperis.*

The Court cautions the Plaintiff regarding the use of the courts in a vexatious fashion and that the courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances which warrant an exception to the general rule of free access to the courts. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citations omitted). The dockets[1] in the above cases suggest that some limitation on Plaintiff's access to this Court might be appropriate at this time or in the future, but before such an order would issue, the Court would afford the Plaintiff an opportunity to be heard on the question. Nevertheless, these 22 cases, all of which have been decided against the Plaintiff by this Court and the Court of Appeals, further influence this Court to deny his motion to proceed *in forma pauperis.*

**Accordingly,**

**IT IS ORDERED** that Plaintiff's Motion and Affidavit in Forma Pauperis (document 2) is DENIED.

---

[1] Many of the files for these cases are archived and cannot be reviewed by the Court without taking special measures for their production.

**IT IS FURTHER ORDERED** that Plaintiff shall pay a filing fee within ten (10) days from the filing date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of the court is directed to ENTER DISMISSAL of this action WITHOUT PREJUDICE, without further notice to the Plaintiff, if he fails to pay the required filing fee within ten (10) days from the filing date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve the Complaint upon Defendant in accordance with Federal Rule of Civil Procedure, Rule 4, either by waiver of service of the summons or complete service of the summons and Complaint.  Service must be made upon Defendant within 120 days after the filing of the Complaint or the action shall be subject to dismissal without prejudice Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with the Local Rules of Practice for the United States District Court, District of Arizona. A copy of the Local Rules may be found under Rules of Court on the Court's internet site: http://www.azd.uscourts.gov.  Also available on the website for the Plaintiff's review is a pamphlet, "Filing a Complaint on Your Own Behalf," which may be found under Operations & Filing.

**IT IS FURTHER ORDERED** that at all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS".  The notice shall

1 contain only information pertaining to the change of address and its effective date.  The
2 notice shall not include any motions for any other relief.  Failure to file a NOTICE OF
3 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
4 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

     DATED this 30th day of November, 2007.

                                                  David C. Bury
                                                  United States District Judge

4